ALBERT KOGUT, *p. a. vs.* ARNOLD BEMIS.

ALICE HALL *vs.* SAME.

APRIL 24, 1947.

PRESENT: Flynn, C. J., Moss, Baker and Condon, JJ.

FLYNN, C. J.   These two petitions are brought by the defendant in the above-entitled cases, under general laws 1938,

chapter 535, §6, for leave to file in the superior court motions for new trials on the ground of newly discovered evidence. The actions were in trespass for an alleged assault by the defendant upon Albert Kogut, minor son of the plaintiff Alice Hall. The cases were tried together by a justice of the superior court, sitting without a jury, and he rendered a decision for $700 in favor of the boy and for $300 in favor of his mother. No motion for a new trial was filed in either case; but in each case the plaintiff and defendant duly prosecuted bills of exceptions to the decision; and the cases are now pending for hearing in this court.

It appears that at the time of the alleged assault, on January 8, 1945, the minor plaintiff was about fifteen years of age and was staying with his aunt, who lived in the town of Foster, in this state, where he attended school and was taught by defendant's wife. Alice Hall, mother of the boy, lived with her husband in North Sterling, Connecticut, some nine miles away. The plaintiffs claimed that as a result of the alleged assault the boy received serious injuries, including a "complete transverse fracture through the sacral vertebra", and that he was unable to participate with other boys in games or to do manual work of any kind since the assault.

In the instant petitions the defendant alleges, in substance, that he has now obtained evidence which was not known to him and which was not reasonably discoverable by the exercise of due diligence in time to present it at the trial or in a timely motion for a new trial; that this evidence is material to the merits and would likely change the decision if it were considered by the superior court with the other evidence, and especially so since the trial justice refused to believe the plaintiffs' version of how the assault took place, but rather relied upon the testimony of the defendant in that regard.

The new evidence is to the effect that although the plaintiffs claimed that the boy suffered a fractured vertebra which incapacitated him from doing any manual work since the

alleged assault, he nevertheless, within thirty-three days thereafter, had worked for the highway department in the town of Sterling, Connecticut, as a laborer shoveling snow from the town roads fourteen hours on February 10, 1945 and ten hours on February 11, 1945, for which he was paid $14.60; that he shoveled snow, doing a good day's work, and made no complaint of any backaches; and that he applied for steady employment as such laborer but was rejected only because of his age. This evidence is presented by affidavits of a selectman in the town of Sterling and three other disinterested witnesses who had worked with and observed the boy on those days. On the other hand, counter affidavits were filed by the plaintiffs, who explained the circumstances under which the boy had worked on the highways. They claimed that the work required him to ride on a plow and that he had shoveled snow for only a very short time during those days and then with harmful results to him.

The plaintiffs' attorney contends that the evidence revealed by the affidavits for the defendant does not warrant a new trial because it was discoverable by the exercise of due diligence; that such evidence does not affect the real merits of the case, but tends only to impeach the credibility of the plaintiffs or to affect the damages, which evidence is insufficient. In support thereof he relies chiefly on *Zoglio* v. *T. W. Waterman Co.*, 39 R. I. 396; *Chapin* v. *Stone,* 32 R. I. 309; *Burlingame* v. *Cowee,* 16 R. I. 40.

In our opinion the cases relied on by the plaintiffs support the general propositions of law for which they are cited. However, they relate to cases where this court was asked to decide the merits of the alleged new evidence or to reverse a previous decision by granting a new trial on the ground of newly discovered evidence. In the instant cases, however, the defendant, under G. L. 1938, chap. 535, §6, prays merely for leave to file motions for a new trial on such ground, so that the superior court may determine, as if the motions had been regularly filed, whether his evidence is newly discovered

within the contemplation of law and, if so, whether it is sufficient to warrant a new trial.

In that respect we think the instant cases more nearly resemble the case of *Kassar* v. *Ambaragocy*, 69 R. I. 414, where the petitioner sought merely to have an opportunity to present the merits of a particular claim so that it could be heard and decided by the superior court. In that case we held that this statute is remedial and should be liberally construed to effectuate its purpose. We also held that in such a case we were not required to weigh the evidence and decide the ultimate issues on the affidavits as if the case were here on review, but only to determine whether justice required that the petitioner be given an opportunity to have the alleged new evidence passed upon by the superior court.

In our opinion, without weighing or passing upon the evidence in these petitions and affidavits, it appears that justice requires that the defendant be given an opportunity to file his motions for new trials on the ground of newly discovered evidence, so that the superior court, which heard the other witnesses, may pass upon this matter as fully as if such motions had been regularly filed. In this way the cases, when heard by this court on the merits of the exceptions of both parties, will be in order for a final review.

The prayer of the petition in each case is granted, and the papers in the cases of Albert Kogut, p.a. v. Arnold Bemis, Ex. &c. No. 8772, and Alice Hall v. same, Ex. &c. No. 8773, are remitted to the superior court to permit the defendant to file his motions for new trials on the ground of newly discovered evidence; said papers to be returned to this court after the superior court has passed upon the motions for new trials.

*Frank C. Cambio,* for plaintiffs.

*Louis V. Jackvony,* for defendant.